1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SEAVON PIERCE,                        No.  2:15-cv-1993 WBS AC P

12                 Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14   BARACK OBAMA, et al.,

15                 Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.[1]  Plaintiff seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States

20   to authorize the commencement and prosecution of any suit without prepayment of fees by a

21   person who submits an affidavit indicating that the person is unable to pay such fees; however,

22            [i]n no event shall a prisoner bring a civil action or appeal a
             judgment in a civil action or proceeding under this section if the
23           prisoner has, on 3 or more prior occasions, while incarcerated or
             detained in any facility, brought an action or appeal in a court of the
24           United States that was dismissed on the grounds that it is frivolous,
             malicious, or fails to state a claim upon which relief may be
25           granted, unless the prisoner is under imminent danger of serious
             physical injury.
26

27   _____

28   [1]  On June 13, 2016, plaintiff filed a document entitled "Amended Complaint."  ECF No. 7 at 1.
     The amended complaint is largely incoherent.

                                        1

28 U.S.C. § 1915(g).  The court takes judicial notice[2] of the following lawsuits previously filed by plaintiff:

    (1) <u>Pierce v. Gonzales</u>, 1:10-cv-0285 JLT (E.D. Cal.), December 3, 2012 order dismissing action for failing to state a claim and January 30, 2013 order revoking in forma pauperis status on appeal.  <u>Id.</u>, ECF Nos. 27 & 38.

    (2) <u>Pierce v. California State</u>, CV 12-9211 UA (CW) (C.D. Cal.), November 20, 2012 order denying leave to file action without prepayment of full filing fee on grounds that action was frivolous, malicious, or failed to state a claim.  <u>Id.</u>, ECF No. 5.

    (3) <u>Pierce v. McEwan</u>, 2:12-cv-08240-UA-CW (C.D. Cal.), October 11, 2012 and November 9, 2012 orders denying leave to file action without prepayment of full filing fee on grounds that action was frivolous, malicious, or failed to state a claim.  <u>Id.</u>, ECF Nos. 2, 8.

    (4) <u>Pierce v. Warden of Lancaster</u>, CV 13-1939 UA (CW) (C.D. Cal.) (March 28, 2013 order denying leave to file action without prepayment of full filing fee on grounds that action was frivolous, malicious, or failed to state a claim).  <u>Id.</u>, ECF No. 2.

    (5) <u>Pierce v. Lancaster State Prison</u>, 2:13-cv-8126 (C.D. Cal.), December 3, 2013, order denying leave to file action without prepayment of full filing fee on grounds that action failed to state a cognizable claim.[3]  <u>Id.</u>, ECF No. 6.

////

---

[2] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir. 1981), <u>cert. denied</u>, 454 U.S. 1126 (1981).

[3] In addition to finding that plaintiff failed to state a cognizable claim, the court also found that the action was barred under the "Three Strikes" provision.  <u>Pierce v. Lancaster State Prison</u>, 2:13-cv-8126 (C.D. Cal.), ECF No. 6.  Because the denial of leave to file the action without prepayment of the full filing fee was not based solely on a three strikes finding, the court may count the dismissal as an additional strike.  <u>Cf.</u> <u>El-Shaddai v. Zamora</u>, 833 F.3d 1036, 1042 (9th Cir. 2016) ("Where a dismissal is based solely on a finding that the plaintiff has previously incurred at least three strikes, without any additional finding that the instant action is itself frivolous, malicious, or fails to state a claim, the dismissal does not count as an additional strike.").  Even if <u>Pierce v. Lancaster State Prison</u> is not included in the strike count, plaintiff has incurred more than three qualifying dismissals.

1    The court's review of the above records reveals that on at least three occasions, lawsuits

2    filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or

3    failed to state a claim upon which relief may be granted.  Therefore, this court finds that plaintiff

4    is precluded from proceeding in forma pauperis in this action unless plaintiff is "under imminent

5    danger of serious physical injury."  28 U.S.C. § 1915(g).  To meet the exception, plaintiff must

6    have alleged facts that demonstrate that he was "under imminent danger of serious physical

7    injury" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.

8    2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for

9    purposes of the 'imminent danger' exception to § 1915(g).").

10    Plaintiff has not alleged any facts which suggest that he is under imminent danger of

11    serious physical injury.  In his complaint, plaintiff names as defendants President Barack Obama,

12    the United States Government, the California Department of Corrections, the Honorable Jennifer

13    L. Thurston, the Honorable Carlos T. Bea, the Honorable Susan P. Graber, Attorney General

14    Kamala D. Harris, Inspector General Robert A. Barton, and the Office of Internal Affairs.  See

15    ECF No. 1 at 2.  Although it is not entirely clear, plaintiff appears to challenge the dismissal

16    without prejudice of plaintiff's second amended complaint filed in Pierce v. Gonzales, Case No.

17    1:10-cv-0285 JLT, ECF No. 24, 2011 U.S. Dist. LEXIS 21888 (E.D. Cal. Feb. 17, 2011).[4]  See

18    ECF No. 1 at 3.  Plaintiff appears to allege that defendants engaged in fraud, conspiracy, and

19    obstruction of justice; that his complaint in Pierce v. Gonzales stated a claim for relief and was

20    not frivolous; and that defendants were aware of defendants' guilt but nevertheless allowed

21    plaintiff's claims to be dismissed by the district court and thereafter denied on appeal.  See ECF

22    No. 1 at 1, 3-11.

23    Because the court finds that plaintiff has not made the requisite showing of "imminent

24    danger" to qualify for an exception to the "three strikes" bar under § 1915(g), the undersigned

---

25    [4]  In his second amended complaint, plaintiff alleged claims related to law library access, mail
26    service, laundry services, religious services, inmate appeals, administrative segregation, and
     medical treatment.  See Pierce v. Gonzales, Case No. 1:10-cv-0285 JLT, 2011 U.S. Dist. LEXIS
27    21888, *2-33 (E.D. Cal. Feb. 17, 2011).  The court determined that plaintiff's allegations failed to
     state a claim for relief, and plaintiff's second amended complaint was dismissed without
28    prejudice to the filing of a third amended complaint.  See id. at *33-34.

will recommend that plaintiff be denied in forma pauperis status and be required to pay the full filing fee in order to  proceed with this action.

Plaintiff has also filed a document (ECF No. 11) in which he asserts judicial misconduct and illegal solicitation of funds by the court based on the court's orders (ECF Nos. 6 & 8) requiring him to pay the filing fee or submit an in forma pauperis affidavit.  Plaintiff seems to assert that he is not filing a civil rights complaint and should therefore be allowed to proceed without paying the filing fee.[5]  <u>See</u> ECF No. 7 at 1; ECF No. 11 at 2.  Plaintiff is mistaken.  All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350.00 plus the $50.00 administrative fee.[6]  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  This rule applies to all incarcerated person regardless of the nature of their claims.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's requests to proceed in forma pauperis (ECF Nos. 9 & 10) be denied;

2.  Plaintiff be required to pay the filing of $400.00 in full within twenty-one (21) days of the adoption of  these findings and recommendations, should that occur; and

3.  Failure to pay the filing fee in full as directed result in dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Plaintiff is advised that failure to file objections

////

////

////

---

[5]  It is not clear what type of action plaintiff purports to be bringing.
[6]  If leave to file in forma pauperis is granted, a plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1    within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

2    <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    DATED:  November 28, 2016

4                                                                    _____

5                                                                    ALLISON CLAIRE
                                                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28